IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES P. BAILEY<br>2307 Donnington Lane<br>Cincinnati, Ohio 45244, | )<br>)<br>)<br>) | Case No. 1:23-CV-422 |
| *Plaintiff,* | )<br>) | Judge _____ |
| v. | )<br>)<br>) | |
| MERRICK GARLAND,<br>United States Attorney General<br>950 Pennsylvania Ave, NW<br>Washington, DC 20530, | )<br>)<br>)<br>)<br>) | **COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF** |
| Please Serve:<br>U.S. Department of Justice<br>Assistant Attorney General for Administration<br>Justice Management Division<br>950 Pennsylvania Ave, NW, Room 1111<br>Washington, DC 20530 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Also Serve:<br>Kenneth Parker<br>United States Attorney, Southern District of Ohio<br>221 E. 4th St., #400<br>Cincinnati, Ohio 45202 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| STEVEN DETTELBACH,<br>Director, Bureau of Alcohol,<br>Tobacco, Firearms and Explosives<br>99 New York Ave., NE<br>Washington, D.C. 20226 | )<br>)<br>)<br>)<br>)<br>) | |
| *Defendants.* | )<br>) | |

1

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND PERMANENT INJUNCTIVE RELIEF

Plaintiff, James P. Bailey, by and through the undersigned counsel, for his Complaint states as follows:

### I. INTRODUCTION

By way of background, Plaintiff, James P. Bailey ("Bailey"), was convicted of two counts of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, and three substantive counts of Wire Fraud in violation of 18 U.S.C. § 1343 after a jury trial in the Southern District of Ohio in 2018. These are non-violent felonies. 18 U.S.C. § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Bailey seeks a Declaratory Judgment from this Court determining that the enforcement and application of this federal statute by the Defendants, the United States Attorney General and the United States Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, is unconstitutional as applied to Bailey, and a violation of the rights afforded to him under the Second Amendment of the United States Constitution. Bailey also seeks a permanent injunction against the Defendants from enforcing 18 U.S.C. § 922(g)(1) against him for similar reasons. Recent developments in the law have drastically altered the landscape of Second Amendment jurisprudence. In particular, the Third Circuit's *en banc* decision in *Range v. Lombardo*, 69 F.4th 96 (3rd Cir. 2023), recently set forth the necessary analysis and historical framework,

which exposes 18 U.S.C. § 922(g)(1) as unconstitutional as applied to Bailey. The Claims for Relief Bailey alleges herein are identical to the Claims for Relief upheld in favor of the plaintiff in *Range*.

## II. THE PARTIES

1. Bailey is a natural person and citizen of Ohio and of the United States, residing in Cincinnati, Hamilton County, Ohio. He presently intends to purchase and possess a handgun and long gun for self-defense within his own home but is prevented from doing so only by the Defendants' active enforcement of unconstitutional policies complained of in this action. Bailey further intends to regain possession of firearms he divested himself of after his wire fraud convictions.

2. Defendant Merrick Garland is sued in his capacity as the Attorney General of the United States. As Attorney General, Mr. Garland is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices, and policies complained of in this action.

3. Defendant, Steven Dettelbach, is sued in his capacity as the Director and Head of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). In that capacity, Dettelbach is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices, and policies complained of in this action.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and Bailey resides, in this judicial district.

### IV. STATEMENT OF FACTS COMMON TO ALL CLAIMS FOR RELIEF

*A. Plaintiff's Background*

6. Bailey is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substances, has not been adjudicated as a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

7. Bailey grew up in a rural community in Highland County, Ohio where he worked on his family's farm from a young age. Growing up in such a community, firearms were always around and an important aspect of the culture. Like so many American households, Bailey's family bonded through activities like hunting and target shooting. One of Bailey's most cherished memories from growing up is when

his father gifted both him and his twin brother a firearm. In high school, Bailey did not attend recess with the other kids, but rather worked in the cafeteria to earn money for the first major purchase of his life: a rifle for hunting with his family and friends.

8. Bailey's own son became interested in hunting and Bailey used the opportunity to bond with his son like Bailey's father before him. Bailey's lessons to his son included strict tenets of responsible gun ownership.

9. Bailey is a member of the Sycamore Sportsmen Club in Cincinnati, Ohio. The club routinely holds philanthropic events. At one time, Bailey spearheaded many of these events. For instance, he helped raise over a million dollars for the Shriners Hospital. When a local family with severely disabled children was in need because the father had passed away, Bailey conducted a fundraiser at the club, which raised over $60,000 to pay off the family's home. Bailey's association with the club is no small matter, it was his home away from home where he once gathered with his friends and local community members routinely. Because Bailey is a convicted felon who is prohibited by federal law from possessing firearms, and those sporting events include the use of firearms, Bailey can no longer attend the events that once were the epicenter of his social and philanthropic life.

10. As a teenager, Bailey began working with a man, Doug Evans, who was selling mulch out of the back of his pick-up truck for his business, Evans Landscaping. Bailey was an integral part—through long and backbreaking hours—

in taking this tiny business of a few young men and, over the course of decades, turning it into one of the largest locally-owned employers in the City of Cincinnati.

**11.** Bailey is the epitome of a blue-collar citizen who knows how to get along with everyone. At work, he spends most of his time in the field making sure all the work is completed with excellence. He directs the workers where to go and fixes any problems that might occur.

**12.** In 2015, the FBI raided Evans Landscaping and it forever changed Bailey's life. He was swept up in a lengthy and expensive years-long investigation into the company. Bailey and his workers persevered. The company survived, and none of its 225 employees were laid off, not even during the COVID-19 pandemic.

**13.** Evans Landscaping was indicted for fraud. The allegation was that another company named Ergon was a front for Evans Landscaping to obtain government contracts as a minority-owned business. As the Vice-President of the Evans Landscaping, Bailey was found to be in a conspiracy with his employer to defraud the government. His convictions centered around three company emails and stemmed from a theory of "*Pinkerton* liability," which permits the conviction of a coconspirator for substantive offenses of other conspirators committed during and in furtherance of the conspiracy. *See, e.g., United States v. Sadler*, 24 F.4th 515, 545 (6th Cir. 2022). Bailey was not included in any of the three emails. After the trial

6

was over, the district court agreed that the total loss amount due to the alleged fraud was zero dollars.

14. On December 11, 2018, Bailey was convicted of two counts of conspiracy to commit wire fraud (18 U.S.C. § 1349), and three substantive counts of wire fraud (18 U.S.C. § 1343) after a jury trial in the Southern District of Ohio. An additional count of misprision of a felony was later dismissed by the district court.

15. On January 14, 2020, the district court entered its final judgment whereby Bailey was sentenced to 3 years-probation to run concurrent on all counts. He was ordered to pay fines totaling $20,000 and to complete 200 hours of community service. Bailey did not appeal the judgment.

16. After Bailey paid all fines and costs and completed many more community service hours than required on a project close to his heart, the district court terminated Bailey's probation on December 2, 2021.

17. Bailey is a pillar of the community in Cincinnati, Ohio. At the sentencing hearing, over a hundred community members came forward through letters to speak of Bailey's reputation for honesty, integrity, reliability, and work ethic.

18. Bailey has been married for twenty-nine years and lived in the same home for twenty-eight years. Bailey and his wife have raised three successful children, Claire (22 years old), Luke (24 years old), and Ben (26 years old).

**19.** Despite the convictions related to his employer's involvement with a minority owned business determined to be a front company, Bailey remains a model citizen and family man that cherishes the opportunities this country has afforded his family. He is a role model and continuous mentor to many young men and women, many of whom came forward to support him during the difficult time surrounding the convictions. Bailey has no other criminal convictions whatsoever.

**20.** Bailey remains a law-abiding citizen. In many ways, when considering his humble beginnings to where he and his family are now, he embodies the American Dream. Yet, due to his convictions for non-violent offenses where the thrust of the government's allegations were against his employer and not him personally, Bailey is prohibited from exercising his Second Amendment rights for the rest of his life. He cannot possess the firearm his father gifted him when he was ten years old. He cannot possess the rifle that he tirelessly saved up for in high school. He cannot attend the Sycamore Sportsmen Club charity events where his presence used to be the driving force behind the efforts to raise money for good causes. And finally, he cannot protect his home and property in self-defense—a right our founders enshrined in the Bill of Rights for good reason.

### B. Defendants' Regulatory Scheme

**21.** Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term

8

exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

22. Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

23. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

24. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question.

C. *Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

25. Bailey desires and intends to possess firearms for self-defense and for the defense of his family.

**26.** Bailey is prohibited by Defendants from following through with his intent to obtain a firearm, because of his non-violent convictions for wire fraud and based on Defendants' enforcement of 18 U.S.C. § 922(g)(1).

**27.** Bailey refrains from obtaining a firearm only because he reasonably fears the arrest, prosecution, incarceration, and fines instigated and directed by Defendants under 18 U.S.C. § 922(g)(1), which would occur should he follow through with his plan to obtain a firearm.

**28.** Bailey refrains from purchasing a firearm from a private party, because doing so would subject him to arrest, prosecution, fines, and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

**29.** Bailey refrains from taking possession of the firearms he previously divested himself of because he reasonably fears arrest, prosecution, incarceration, and fines instigated and directed by Defendants under 18 U.S.C. § 922(g)(1).

**30.** Should Bailey answer on Form 4473 that he has been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows Defendants' directives would properly refuse to sell Bailey a firearm because Bailey is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, Bailey suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which Bailey would, in fact, obtain but for the enforcement of 18 U.S.C. § 922(g)(1). Bailey further suffers the ongoing harm of being prevented

from possessing the firearms he previously divested himself of, such that he cannot possess them in his home for the protection of his family and property.

31. This lawsuit was filed as a direct consequence of the recent Third Circuit decision in *Range v. Lombardo*, 69 F.4th 96 (3rd Cir. 2023). *Range* involved a similarly situated plaintiff and identical claims for relief as Bailey alleges herein, and—in an *en banc* decision—the Third Circuit granted relief for the plaintiff.

## FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT)

32. The allegations of paragraphs 1 through 31 are incorporated by reference as though fully set forth herein.

33. Plaintiff brings this action for Declaratory Judgment Relief pursuant to 28 U.S.C. § 2201 *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure.

34. Bailey is a responsible, virtuous, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding, responsible citizen. Bailey is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

35. As a result of his conviction of felonies crimes as set forth herein, Bailey has reason to believe that Defendants will enforce 18 U.S.C. § 922(g)(1) against him to the full extent of the law if he were to take possession of any firearms.

**36.** On account of Bailey's unique personal circumstances, including but not limited to the non-violent nature of his wire fraud convictions, his generally law-abiding record over the years, his trustworthiness with firearms, and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Bailey, personally, the firearms prohibition of 18 U.S.C. § 922(g)(1), on account of his wire fraud convictions.

**37.** An actual controversy exists presently between Bailey and the Defendants as to the constitutionality of 18 U.S.C. § 922(g)(1) as applied to Plaintiff, the effect of which is to damage and deprive him of the rights afforded to him under the Second Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF
### (PERMANENT INJUNCTIVE RELIEF)

**38.** The allegations of paragraphs 1 through 37 are incorporated by reference as though fully set forth herein.

**39.** As a direct result of Defendants' application of 18 U.S.C. § 922(g)(1), Bailey has suffered, and will continue to suffer, irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate him for that injury.

**40.** Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted, and the public interest would not be disserved by a permanent injunction.

**41.** Because 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Bailey, Plaintiff seeks an order, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Bailey on the basis of his 2018 non-violent convictions for wire fraud in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1343.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. A declaration that 18 U.S.C. § 922(g)(1) cannot be applied against Jim Bailey on account of his 2018 non-violent convictions for wire fraud under 18 U.S.C. § 1349 and 18 U.S.C. § 1343;

2. A declaration that application of 18 U.S.C. § 922(g)(1) against Jim Bailey, on account of 2018 non-violent convictions for wire fraud under 18 U.S.C. § 1349 and 18 U.S.C. § 1343, violates the Second Amendment to the United States Constitution;

3. A declaration that Jim Bailey's 2018 non-violent convictions for wire fraud under 18 U.S.C. § 1349 and 18 U.S.C. § 1343 do not require him to acknowledge a disabling conviction when purchasing firearms;

**4.** An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against James P. Bailey on the basis of his 2018 non-violent convictions for wire fraud under 18 U.S.C. § 1349 and 18 U.S.C. § 1343, and FURTHER directing Defendants to issue James P. Bailey a Unique Personal Identification Number ("UPIN") under the National Instant Background Check System ("NICS") with which he may purchase firearms, unless Bailey is prohibited from possessing firearms for reasons other than his 2018 non-violent convictions for wire fraud under 18 U.S.C. § 1349 and 18 U.S.C. § 1343;

**5.** Costs of suit;

**6.** Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

**7.** Any further relief as the Court deems just and appropriate.

Dated: July 7, 2023

Respectfully submitted,

/s/ Eric G. Eckes
ERIC G. ECKES (OH Bar No. 0091840)
THOMAS L. STACHLER (OH Bar No. 0042183)
MARTIN S. PINALES (OH Bar. No. 0024570)
Pinales, Stachler, Young, & Burrell Co., LPA
455 Delta Ave., Suite 105
Cincinnati, Ohio 45226
MAIN: (513) 252-2750
FAX: (513) 252-2751
eeckes@pinalesstachler.com
tstachler@pinalesstachler.com
mpinales@pinalesstachler.com