IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES P. BAILEY, | : |
| *Plaintiff*, | : |
| | : Case No. 1:23-cv-422 |
| v. | : |
| MERRICK B. GARLAND, *et al.*, | : Judge Jeffery P. Hopkins |
| *Defendants*. | : |

**OPINION AND ORDER**

Plaintiff James P. Bailey ("Plaintiff") is a convicted felon that believes that 18 U.S.C. § 922(g)(1)'s prohibition against the possession of firearms by felons is unconstitutional as applied to him. Plaintiff implies that while violent felons should not possess firearms, the Second Amendment has left the door open for "nonviolent" felons like him to possess a firearm. But in light of binding precedent from both the Supreme Court and Sixth Circuit that door is sealed shut. Second Amendment law makes no distinction regarding the presumed dangerousness of an individual when interpreting felon-in-possession laws like 18 U.S.C. § 922(g)(1).

Before the Court is the Motion to Dismiss (the "Motion") (Doc. 12) of Defendants Merrick P. Garland, and Steven Dettelbach ("Defendants"). Defendants argue that Plaintiff's Complaint, which requests declaratory and injunctive relief to allow him to possess a firearm, must be dismissed because felon-in-possession laws are constitutional. The Court agrees. Consistent with binding precedent, the Court must **GRANT** Defendants' Motion and **DISMISS** Plaintiff's Complaint (Doc. 1).

**I.     BACKGROUND**

Following a 2018 trial, Plaintiff became a convicted felon after a jury of his peers found him guilty of two counts of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349 and three counts of Wire Fraud in violation of 18 U.S.C. § 1343. Doc. 1, PageID 2. Plaintiff classifies these felonies as "non-violent" in nature but acknowledges that 18 U.S.C. § 922(g)(1), or the federal felon-in-possession statute, prohibits the possession of firearms by people that were convicted of "a crime punishable by imprisonment for a term exceeding one year," or felons. Doc. 1, PageID 2. Plaintiff, however, believes that he should be able to possess a firearm due to the nature of his felonies and his background.

On July 7, 2023, Plaintiff filed a lawsuit against Defendants in this Court to question the constitutional viability of the federal felon-in-possession statute. *See generally*, *id.* The Complaint brings claims for declaratory relief pursuant to 28 U.S.C. § 2201 *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure requesting a declaration that 18 U.S.C. § 922(g)(1) cannot be applied against Plaintiff on account of his convictions and that such application violates the Second Amendment of the Constitution. Doc. 1, PageID 11–13. The Complaint also requests injunctive relief enjoining Defendants from enforcing the felon-in-possession statute against him. *Id.*

Defendants have now moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that 18 U.S.C. § 922(g)(1) is constitutional under Supreme Court and Sixth Circuit precedent. Doc. 12. Defendants' Motion is ripe for adjudication by the Court.

## II. STANDARD OF REVIEW

Defendants seek to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). Under Fed. R. 12(b)(6), a plaintiff must "state[] a claim for relief that is plausible, when measured against the elements" of a claim. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). "To survive a motion to dismiss, in other words, [the plaintiff] must make sufficient factual allegations that, taken as true, raise the likelihood of a legal claim that is more than possible, but indeed plausible." *Id.* (citations omitted).

In making that assessment, the court must similarly "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation omitted). That is true, however, only as to factual allegations. The court need not accept as true Plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the well-pled facts must be sufficient to "raise a right to relief above the speculative level," such that the asserted claim is "plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 546–47. Under the *Twombly/Iqbal* plausibility standard, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

**III. LAW AND ANALYSIS**

Defendants argue that 18 U.S.C. § 922(g)(1), the federal felon-in-possession-of-a-firearm statute, remains on solid ground after the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See generally*, 12. Since Defendants filed the Motion, the Supreme Court has shed further light on its Second Amendment jurisprudence with its ruling in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). For the reasons set forth below, Plaintiff's requests for declaratory and injunctive relief concerning 18 U.S.C. § 922(g)(1) must fail.

**A. Pre-*Bruen* and *Rahimi* Second Amendment Law.**

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment protects an individual's right to keep a firearm in their home for self-defense. 554 U.S. 570, 635 (2008). Although *Heller* did not "undertake an exhaustive historical analysis [] of the full scope" of that right, the Supreme Court stated, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626; *see also id.* at 627 n.26 (identifying these as examples of prohibitions that are "presumptively lawful").

Since *Heller*, the Sixth Circuit has consistently held that 18 U.S.C. § 922(g)(1) is constitutional. *See, e.g., United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. 2008) (holding convictions under 18 U.S.C. § 922(g)(1) do not violate the Second Amendment); *United States v. Khami*, 362 F. App'x 501, 507–08 (6th Cir. 2010) (relying on the "longstanding

4

prohibitions" language from *Heller* to hold 18 U.S.C. § 922(g)(1) constitutional); *United States v. Whisnant*, 391 F. App'x 426, 430 (6th Cir. 2010) (same). Importantly, the Sixth Circuit expressly affirmed the constitutionality of disarming felons, citing the above language from *Heller,* in a pre-*Bruen* and *Rahimi* case titled *United States v. Carey*. 602 F.3d 738, 741 (6th Cir. 2010) ("Congress's prohibition on felon possession of firearms is constitutional . . . ."); *see also United States v. Vaughn*, Case No. 23-5790, 2023 WL 9789018, at *1 (6th Cir. Sep. 28, 2023) ("[W]e unambiguously held in *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), that felon-in-possession statutes do not violate the Second Amendment, and that remains the binding law in this circuit."). *Carey* remains binding precedent on this Court unless upset by the Supreme Court in *Bruen* or *Rahimi*. And it has not.

B.  Title 18 U.S.C. § 922(g)(1) Remains Constitutional Post-*Bruen* and *Rahimi*.

Since the Sixth Circuit decided *Carey*, the Supreme Court has addressed Second Amendment law in both *Bruen* and *Rahimi*. Neither case has disturbed the Sixth Circuit's ruling in *Carey*.

This Court has already held that *Bruen* did not overrule *Heller* or abrogate *Carey*, "it [merely] altered the test for applying the Second Amendment." *United States v. JttonAli One Eye El Bey*, No. 1:21-cr-110, 2024 WL 22701, at *2 (S.D. Ohio Jan. 2, 2024); *see also United States v. MacKey*, No. 2:23-cr-67, 2023 WL 8093071, at *2 (S.D. Ohio Nov. 21, 2023) ("Although *Bruen* altered the test for applying the Second Amendment, it did not overturn *Heller* or abrogate *Carey*.").[1] And, recently, the Supreme Court applied *Bruen* when it upheld

---

[1] The Sixth Circuit is yet to revisit the issue of felon-in-possession statutes post-*Bruen*. However, the vast majority of courts—in this Circuit and otherwise—that have reconsidered the issue of the constitutionality of federal felon-in-possession statutes have upheld them. *See Vaughn*, 2023 WL 9789018, at *1 (citing *United States v. Gleaves*, No. 3:22-CR-00014, 2023 WL 1791866, at *1 (M.D. Tenn. Feb. 6, 2023) (collecting cases outside

5

the constitutionality of 18 U.S.C. § 922(g)(8)'s prohibition of persons subject to restraining orders from possessing guns. *Rahimi*, 144 S. Ct. at 1903. In *Rahimi*, the Supreme Court cited *Heller* once again for the proposition that prohibitions "on the possession of firearms by felons and the mentally ill are presumptively lawful." *Id.* at 1902 (internal quotations omitted). The Supreme Court also reaffirmed its holding that "*Heller* never established a categorical rule that the Constitution prohibits regulations that forbid firearms in the home." *Id.* In short, like *Bruen*, *Rahimi* did not overturn *Heller* or abrogate *Carey*. Thus, *Rahimi* did nothing to disturb the binding precedent which holds that felon-in-possession statutes do not violate the Second Amendment.

This Court finds that the Sixth Circuit decision in *Carey* upholding the constitutionality of 18 U.S.C. § 922(g)(1) remains good law after *Bruen* and *Rahimi*. *See Vaughn*, 2023 WL 9789018, at *1 (holding that *Carey* remains binding precedent in the Sixth Circuit). Because the Court is bound by *Carey*, and because *Carey* forecloses Plaintiff's argument, Defendants' Motion to Dismiss (Doc. 12) is **GRANTED**.[2]

---

of the Sixth Circuit)); *United States v. Richards*, No. 1:23-cr-58, 2024 WL 1678942, at *3 (S.D. Ohio Apr. 18, 2024); *United States v. Long*, No. 1:23-CR-635, 2024 WL 1051467 (N.D. Ohio Mar. 8, 2024); *United States v. Freeman*, 2024 WL 348517 (E.D. Mich. Jan. 30, 2024); *El Bey*, 2024 WL 22701 (S.D. Ohio Jan. 2, 2024); *Mackey*, 2023 WL 8093071 (S.D. Ohio Nov. 21, 2023); *United States v. Williams*, 2023 WL 8190690 (E.D. Mich., Nov. 27, 2023); *United States v. Omar*, No. 2:22-CR-182, 2023 WL 7526045 (S.D. Ohio Nov. 14, 2023) *United States v. Brown*, 2023 WL 7323335 (N.D. Ohio Nov. 7, 2023); *United States v. Miller*, 2023 WL 6065116 (N.D. Ohio Sep. 18, 2023); *United States v. Taylor*, 2023 WL 5957107 (N.D. Ohio Sep. 12, 2023); *United States v. Nelson*, 2023 WL 4249367 (E.D. Mich., Jun. 29, 2023) (all finding *Bruen* does not cast doubt on longstanding prohibitions on possession of firearms by felons).

[2] As other Courts in this Circuit have found, "[g]iven the overwhelming weight of binding and persuasive authority, there is no reason for the Court "to conduct an in-depth analysis" of whether the felon-in-possession statute is consistent with this "Nation's historical tradition of firearm regulation," as *Bruen* prescribes. *Williams*, 2023 WL 8190690, at *5 (internal quotes omitted).

## IV. CONCLUSION

For these reasons, Defendants' Motion (Doc. 12) is **GRANTED**. Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion for Leave to File a Motion for Summary Judgment (Doc. 15) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

August 15, 2024

Jeffery P. Hopkins
United States District Judge